1  SEYFARTH SHAW LLP
   Tiffany T. Tran (SBN 294213)
2  ttran@seyfarth.com
   400 Capitol Mall, Suite 2300
3  Sacramento, California 95814-4428
   Telephone:   (916) 498-7047
4  Facsimile:   (916) 288-6327

5  Attorney for Defendant
   UNITED AIRLINES, INC.
6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11 STEPHAN JOO,                          Case No.

12            Plaintiff,                 (Los Angeles County Superior Court
                                         Case No. 24STCV01447)
13       v.
                                         **DEFENDANT'S NOTICE OF
14 UNITED AIRLINES, INC., a Delaware     REMOVAL TO FEDERAL COURT**
   Corporation; and DOES 1 through 30,
15 inclusive,

16            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

---

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446 Defendant United Airlines, Inc. ("United") removes the above-captioned action filed by Plaintiff Stephan Joo ("Plaintiff") from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This Court has original jurisdiction over this action on the basis of federal question and diversity jurisdiction. United states that removal is proper for the following reasons:

**I.     PLEADINGS AND PROCEEDINGS TO DATE**

1.     On January 19, 2024, Plaintiff filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled "*Stephan Joo, an individual, Plaintiff, v. United Airlines, Inc., a Delaware Corporation; and DOES 1 through 30, inclusive, Defendants,*" Case No. 24STCV01447 ("Complaint").

2.     In the Complaint, Plaintiff asserts six (6) causes of action against defendants for: (1) "Religious Discrimination (Title VII of the Civil Rights Act of 1964)"; (2) "Failure to Accommodate Plaintiff's Religious Observance (Title VII of the Civil Rights Act of 1964)"; (3) "Religious Discrimination (California Government Code §§ 12940 (a) (k) and (q)"; (4) "Failure to Accommodate Plaintiff's Religious Observance (California Government Code §§ 12940 (a) (k) and (q)"; (5) "Failure to Prevent Discriminatory Practices (California Government Code § 12940 (k)"; and (6) "Fair Employment & Housing Act Retaliation (California Government Code § 12940 (h)."

3.     On March 25, 2024, defendant United received, via process server, the Summons, the Civil Case Cover Sheet and Addendum, the Notice of Case Management Conference, the Alternate Dispute Resolution Information Package, the Notice of Case Assignment, and the Complaint. A true and correct copy of the packet received by defendant United is attached as **Exhibit A**. A true and correct copy of the Proof of Service of the Complaint is attached as **Exhibit B**.

4.      On April 23, 2024, United timely filed its Answer to Plaintiff's unverified Complaint in Superior Court of the State of California, County of Los Angeles. A true and correct copy of the Answer filed by United is attached as **Exhibit C**.

## II.   TIMELINESS OF REMOVAL

5.      This Notice of Removal is timely filed because it is filed less than one (1) year from the date Plaintiff commenced this action and within thirty (30) days of service of process upon United. 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

## III.   FEDERAL QUESTION JURISDICTION

6.      Removal is proper under 28 U.S.C. § 1441 because this Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

7.      This Court has original federal question jurisdiction over this case under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 ("The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e(j). As such, this is civil action arising under the laws of the United States over which this Court has original jurisdiction. This action is thus removable under 28 U.S.C. § 1441 on federal question grounds. *See* 28 U.S.C. 1441(a).

## IV.   SUPPLEMENTAL JURISDICTION

8.      This Court also has supplemental jurisdiction over Plaintiff's California state law claims because the state law claims are so related to the claims subject to federal jurisdiction (the discrimination, failure to accommodate, failure to prevent discrimination, and retaliation claims) that the state law claims form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a); *see* **Exhibit A, Complaint** at pp. 3, 7-14. All of Plaintiff's state law claims arise out of the facts on which the Title VII claims are premised. *See* **Exhibit A**, Complaint, pp. 3-7.

1  **V.    DIVERSITY JURISDICTION**

2         9.       This action is also removable pursuant to 28 U.S.C. § 1441(a) because this

3  Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). This action

4  involves citizens of different states and the amount in controversy, exclusive of interest

5  and costs, exceeds $75,000.

6         **A.    Plaintiff Is A Citizen Of California**

7         10.      Plaintiff is, and at the institution of this action was, a citizen of the State of

8  California. For diversity purposes, a person is a "citizen" of the state in which they are

9  domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For

10 purposes of diversity of citizenship jurisdiction, citizenship is determined by the

11 individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of*

12 *Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747,

13 750 (9th Cir. 1986)). Residence is *prima facie* evidence of domicile. *State Farm Mut.*

14 *Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of

15 residence is prima facie [evidence of] domicile").

16        11.      Plaintiff is a resident and citizen of the State of California. Specifically, the

17 Complaint alleges that "[a]t all times mentioned herein, Plaintiff Stephan Joo ("Plaintiff"

18 or "Joo") was an individual over the age of 18 and a resident of the County of Tulare,

19 State of California." *See* **Exhibit A**, Complaint, at ¶ 1. Plaintiff is, therefore, a citizen of

20 California for purposes of diversity jurisdiction with respect to this action.

21        **B.    United Is Not A Citizen of California**

22        12.      United is a citizen of a state other than California within the meaning of 28

23 U.S.C. section 1332(c)(1). "A corporation is a citizen of (1) the state under whose laws it

24 is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis*

25 *v. HSBC Bank Nevada*, N.A., 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C.

26 1332(c)(1)).

27        13.      As Plaintiff alleges, United is a Delaware corporation with its principal place

28 of business in Chicago, Illinois. *See* **Exhibit A**, Complaint at ¶ 3. United is incorporated

under the laws of the state of Delaware. United's corporate headquarters, from which its officers direct, control, and coordinate its business activities, are located in the state of Illinois. United is, therefore, a citizen of the states of Delaware and Illinois for purposes of diversity jurisdiction with respect to this action.

### C. Doe Defendants' Citizenship

14.     Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants one through thirty, inclusive, does not deprive this Court of jurisdiction.

### D. Amount In Controversy

15.     Although United denies liability as to Plaintiff's alleged claims and also denies that Plaintiff has suffered any damages recoverable from defendants, the amount-in-controversy requirement is satisfied here because it is "more likely than not" that the amount Plaintiff seeks to recover in this action exceeds the sum of $75,000, exclusive of interest and costs. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (evidence establishing amount in controversy "more likely than not" exceeds threshold requirement sufficient for diversity jurisdiction) (collecting cases).

16.     "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

17.     In determining whether a complaint meets the $75,000 threshold under U.S.C. § 1332(a), the Court is to look at the "amount at stake in the underlying litigation," including any attempt by the plaintiff to recover future damages. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). The Court must consider the

aggregate of general damages, special damages, punitive damages, and attorneys' fees. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

18.    The calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to his claims alleged in the Complaint, assuming— without any admission—the truth of any of the allegations, and assuming liability—also without any admission—based on Plaintiff's theory of recovery.

### 1.    Plaintiff's purported damages exceed $75,000

19.    In his Complaint, Plaintiff seeks to recover damages, including general, special, punitive, and exemplary damages. *See* **Exhibit A**, Complaint at 15:9-11, 15:18.

20.    Plaintiff alleges that on May 29, 2022, United "placed [him] on an involuntary unpaid leave of absence without an anticipated return to work date" and seeks lost earnings. *See* **Exhibit A**, Complaint ¶¶ 19, 26, 38, 51, 65, 75, 87. Plaintiff earned over $200,000 in both 2020 and 2021. As such, Plaintiff's lost wages since United placed him on unpaid leave to the present date are, very conservatively, well over $200,000.

21.    In addition to lost earnings, Plaintiff seeks emotional distress damages. *See* **Exhibit A**, Complaint ¶¶ 27, 39, 52, 66, 76, 88. In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the Thompson court found the defendant met

its burden of showing that damages awards for emotional distress in analogous cases are often substantial. *Id*.

22.     A review of jury verdicts in California demonstrates that emotional distress damages are substantial for religious discrimination claims and discrimination claims more generally. *See, e.g., Moreno v. City of Beverly Hills*, No. BC687003, 2019 WL 8014267 (Los Angeles Sup. Ct.) (verdict awarded $350,000 in pain and suffering to one plaintiff and $250,000 in pain and suffering to another plaintiff for their claims that included religious discrimination and harassment claims); *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination case); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal.) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in a discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement. True and correct copies of these verdicts are attached hereto as **Exhibit D**.

23.     Plaintiff also seeks punitive damages in the Complaint. *See* **Exhibit A**, Complaint at 15:18. The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). "Because plaintiff brings a claim under

FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261 at *4.

24.    Courts have affirmed jury verdicts exceeding $1 million in punitive damages in discrimination cases. *See, e.g., Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18, 2014) ($185 million verdict for plaintiff in discrimination case). A true and correct copy of this verdict is attached hereto as **Exhibit E**.

### 2.    Plaintiff's attorneys' fees exceed $75,000.

25.    Plaintiff claims statutory entitlement to attorneys' fees. *See* **Exhibit A**, Complaint at 15:19-21. Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(c), the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ*., 132 Cal. App. 4th 359, 394 (2005).

26.    Here, if Plaintiff prevails, he could be entitled to an award of attorneys' fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, Courts have awarded attorneys' fees in excess of $75,000 in cases involving discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including discrimination and failure to accommodate). True and correct copies of these verdicts are attached as **Exhibit F**.

27.     In sum, Plaintiff's aggregated recovery on his claims, including compensatory damages such as lost wages and emotional distress damages, punitive damages, and attorneys' fees, easily satisfies the $75,000 jurisdictional threshold. While United denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

28.     Since diversity of citizenship exists between Plaintiff and United, and the matter in controversy between the parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper for this additional reason.

## VI.    VENUE

29.     Venue lies in the Central District of California because this action was originally filed in the Superior Court of the State of California for the County of Los Angeles. *See* 28 U.S.C. §§ 84(c), 1441(a).

## VII.    NOTICE OF REMOVAL

30.     As required by 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly served on Plaintiff, through his counsel, and filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

## VIII.    PRAYER FOR REMOVAL

31.     WHEREFORE, United requests that this action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED: April 23, 2024

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Tiffany Tran*
Tiffany Tran
Attorney for Defendant
UNITED AIRLINES, INC.

310554166v.1

DEFENDANT'S NOTICE OF REMOVAL