WILSHIRE LAW FIRM
Nicol E. Hajjar, Esq. (SBN 303102)
NicolHajjarsTeam@wilshirelawfirm.com
Emily Borman, Esq. (SBN 300180)
emily.borman@wileshirelawfirm.com
660 S. Figueroa Street, Sky Lobby
Los Angeles, California 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiff
STEPHAN JOO

SEYFARTH SHAW LLP
Kenneth L. Wilton (SBN 126557)
kwilton@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200

Dawn R. Solowey (pro hac vice)
dsolowey@seyfarth.com
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone: (617) 946-4800

[*Additional counsel listed below signature*]

Attorneys for Defendant
UNITED AIRLINES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN JOO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | Case No. 2:24-cv-03358-FMO-SK<br><br>*Assigned to the Hon. Fernando M. Olguin*<br><br>**JOINT NOTICE OF CROSS-MOTIONS AND CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date:      August 6, 2026<br>Time:      10:00 a.m.<br>Place:      Ctrm 6D (6th Floor) |

1

**TO THE HONORABLE COURT:**

**PLEASE TAKE NOTICE THAT** on August 6, 2026, at 10:00 a.m., or as soon thereafter as can be heard before the Honorable Fernando M. Olguin in Courtroom 6D of the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. First Street, Los Angeles, California, Plaintiff Stephan Joo ("Joo") and defendant United Airlines, Inc. ("United") will and hereby do cross-move for summary judgment to Fed. R. Civ. P. 56.

Pursuant to Section 9.A of the Court's Order Re: Summary Judgment Motions [Dkt. 15], counsel for the Parties met and conferred on June 4, 2026 to discuss the matters set forth below.

**Plaintiff's Motion**

Plaintiff moves for partial summary judgment adjudicating United's affirmative defense of undue hardship on the grounds that United cannot establish granting Plaintiff's religious accommodation to fly bearded was an undue hardship as a matter of law.

Plaintiff's Motion will be based on the concurrently filed Joint Memorandum of Points and Authorities, Joint Statement of Uncontroverted Facts, and the accompanying Evidentiary Appendix, as well as other documents and records on file herein, and on such other evidence and argument as may be presented to the Court.

Plaintiff's Proposed Order has been lodged concurrently herewith.

**United's Motion**

United seeks summary judgment on all six of Plaintiff's causes of action. Plaintiff, a United pilot who converted to Judaism, sought a religious accommodation to wear a beard while flying United aircraft. When United denied that specific request for safety reasons and accommodated him through other means, he filed this lawsuit. There is no genuine dispute of material fact that United faces safety, regulatory, liability, and regulatory risk if it allows Plaintiff to fly bearded, and this would impose an undue hardship as a matter of law.

2

There is no genuine dispute that flightdeck oxygen mask leakage risks pilots becoming incapacitated during flight due to hypoxia or inhalation of noxious gases in emergency situations. There is no genuine dispute that the FAA has told aircraft operators like United that efficiency of flightdeck oxygen masks is reduced by the presence of facial hair underneath the oxygen mask seal and, therefore, allowing pilots to fly bearded creates operational safety risk. There is no genuine dispute that United's flightdeck oxygen masks bear a placard stating "BEARDS WILL NOT SEAL." There is no genuine dispute that United follows the FAA regulations and guidance and heeds the FAA's warnings. There is no genuine dispute that, if a pilot becomes incapacitated such that the pilot cannot operate the aircraft and United loses the aircraft and all passengers on board, United would face regulatory scrutiny, multi-billion dollar liability, and loss of good will. United's motion is thus based on the following:

A.    United is entitled to summary judgment on Plaintiff's state law claims (Counts III, IV, V, and VI) because each of those causes of action are preempted by the Federal Aviation Act ("FAAct"). "Field preemption" occurs when a federal agency issues "pervasive regulations" in an area. There is no genuine dispute, and in fact Plaintiff has admitted, that the Federal Aviation Administration ("FAA") pervasively regulates the proper manufacture and use of flightdeck oxygen masks. Because resolving Plaintiff's state law claims would intrude upon the federally occupied field regulating flightdeck oxygen mask manufacturing and use, Plaintiff's state law claims are preempted in their entirety. The Court should grant summary judgment for United on Counts III, IV, V, and VI for this reason alone.

B.    United is entitled to summary judgment on Plaintiff's Title VII and FEHA discrimination claims (Counts I and III, respectively) and FEHA failure-to-prevent claim (Count V). There is no genuine dispute that United does not permit, and has not permitted, any of its pilots to operate its aircraft while wearing a beard. There is no genuine dispute this is true for all pilots of any or no religion, and Plaintiff has admitted as much. There is also no genuine dispute that United maintains this policy prohibiting its

JOINT NOTICE OF CROSS-MOTIONS AND CROSS-MOTIONS FOR SUMMARY JUDGMENT

326999823v.1

pilots from wearing facial hair that lies beneath the seal of the flightdeck oxygen masks because of the FAA's mask regulations, guidance, warnings, and warning placards and the corresponding safety, regulatory, liability, and reputational risks associated with disregarding the FAA, and Plaintiff has expressly acknowledged that United did not grant his request to fly bearded because of these laws. There is thus no genuine dispute as to any material fact. United applied its legitimate, facially neutral policy to Plaintiff (and to all United pilots), and Plaintiff's discrimination claims fail accordingly. Because Plaintiff's failure-to-prevent claim is entirely derivative of Plaintiff's discrimination claims, it also fails. The Court should grant summary judgment for United on Counts I, III, and V.

C.      United is entitled to summary judgment on Plaintiff's FEHA retaliation claim (Count VI) as a matter of law. There is no genuine dispute that Plaintiff failed to exhaust his administrative remedies based on the plain face of his administrative charges against United. There is also no genuine dispute that Plaintiff did not engage in protected activity because he did not oppose any allegedly unlawful action until after United took the alleged adverse action against him. There is further no genuine dispute that United applied its facially neutral facial hair policy for pilots to Plaintiff, as explained above. Consequently, there is no genuine dispute as to any material fact, and Plaintiff's retaliation claim fails. The Court should grant summary judgment for United on Count VI.

D.      United is entitled to summary judgment on Plaintiff's Title VII and FEHA failure to accommodate claims (Counts II and IV, respectively) as a matter of law. There is no genuine dispute that United met with Plaintiff and researched and considered his request to fly bearded. There is no genuine dispute that United explained to Plaintiff that it could not grant his specific request because of the operational, safety, and regulatory risks associated with pilots flying bearded, as the face of United's letter to Plaintiff makes clear. There is no genuine dispute that United placed Plaintiff on a personal leave to provide time to find an alternative, non-flying job at United for Plaintiff. There is no

4

genuine dispute that United identified alternative, non-flying jobs at United for Plaintiff and continues to do so but that Plaintiff has expressed no interest in these non-flying roles. Thus, there is no genuine dispute of material fact. United reasonably accommodated Plaintiff's religion as a matter of law. The Court should grant United summary judgment on Plaintiff's failure to accommodate claims.

On the undisputed record, Plaintiff's preferred accommodation—to allow him to fly bearded—would impose undue hardship as a matter of law. The Ninth Circuit and other courts have ruled that when there is potential safety, regulatory, liability, and reputational risk associated with an employee's preferred religious accommodation, the employer need not provide that accommodation due to the substantial burden of those risks. There is no genuine dispute that these risks exist given the FAA's regulations, guidance, and warnings. There is no genuine dispute that United is allowed, by law, to act on the available information to it. There is thus no genuine dispute as to any material fact that Plaintiff's request to fly bearded presented undue hardship for United. The Court should grant United summary judgment on Plaintiff's failure to accommodate claims for this additional reason.

E.     Plaintiff cannot recover punitive damages as a matter of law. There is no genuine dispute that United was following FAA regulations, guidance, and warnings when it denied Plaintiff's request to fly bearded. There is no genuine dispute that United acted reasonably and without malice, oppression, or fraud. There is thus no genuine dispute of material fact. Plaintiff is not entitled to punitive damages, and the Court should dismiss Plaintiff's punitive damages claim accordingly.

United's motion is based on its portions of the concurrently filed Joint Brief, Joint Statement of Uncontroverted Facts, and the Joint Evidentiary Appendix, as well as its other documents and records on file, and on such other evidence and argument as may be presented to the Court.

United's Proposed Order has been lodged concurrently herewith.

5

DATED:  July 7, 2026

WILSHIRE LAW FIRM


By:                 */s/ Emily Borman*

Nicol E. Hajjar, Esq. (SBN 303102)
NicolHajjarsTeam@wilshirelawfirm.com
Emily Borman, Esq. (SBN 300180)
emily.borman@wileshirelawfirm.com
660 S. Figueroa Street, Sky Lobby
Los Angeles, California 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiff
STEPHAN JOO

SEYFARTH SHAW LLP


By:                 */s/ Kenneth L. Wilton*

Kenneth L. Wilton (SBN 126557)
kwilton@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:     (310) 277-7200

Molly Gabel (*admitted pro hac vice*)
mgabel@seyfarth.com
999 Third Avenue, Suite 4700
Seattle, Washington 98104
Telephone:     (206) 946-4910

Dawn R. Solowey (*admitted pro hac vice*)
dsolowey@seyfarth.com
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone:     (617) 946-4800

Brooke Emery (*admitted pro hac vice*)
bemery@seyfarth.com
20 8th Avenue, Floor 33
New York City, New York 10018
Telephone:     (212) 218-3373

Attorneys for Defendant
UNITED AIRLINES, INC.

6

326999823v.1

Pursuant to Central District Local Rule 5-4.3.4, I, Kenneth L. Wilton, hereby certify that the content of this document is acceptable to Emily Borman, counsel for Plaintiff, and that Ms. Borman has provided her authorization to affix her electronic signature to this document.

DATED:  July 7, 2026                    SEYFARTH SHAW LLP


By: */s/ Kenneth L. Wilton*
     Kenneth L. Wilton

Attorneys for Defendant
UNITED AIRLINES, INC.

7

326999823v.1